CURNEN & STINER v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1904.)

No. 3,629.

1. CUSTOMS DUTIES—ILLEGAL REAPPRAISEMENT—FAILURE TO EXAMINE MERCHANDISE.

In making reappraisements of imported merchandise under the provisions of Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], the general appraisers had before them only the same packages that the collector of customs had sent to the local appraiser under section 2901, Rev. St. [U. S. Comp. 1901, p. 1921], requiring that at least one package of every invoice and one package at least of every ten packages of the merchandise shall be sent to the appraiser for examination and appraisement; and these packages did not represent every variety of the goods under reappraisement. *Held*, that the reappraisements were void as to the merchandise not actually present nor represented by samples before the general appraisers.

2. SAME—DUTIABLE VALUE.

Certain proceedings on reappraisement held by general appraisers under Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], on appeal by the importers from the findings of the local appraiser, were held to be invalid because the general appraisers had not examined the merchandise or samples thereof. It appeared that, though the importers could not have produced either the merchandise or actual samples thereof, they had offered evidence equivalent to the presence of the actual samples, which was rejected by the general appraisers. *Held*, that duty should be assessed on the importers' entered value, and not on that found by the local appraiser, though his appraisement was valid.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision in question, G. A. 5,720 (T. D. 25,423), the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Curnen & Stiner. Among the various statutory provisions construed by the board are the following:

In case of appeal from reappraisement by a general appraiser "the collector shall transmit the invoice and all the papers appertaining thereto to the board of three general appraisers, * * * which board shall examine and decide the case thus submitted, and their decision, or that of a majority of them, shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein." Extract from Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932].

"That it shall be the duty of the appraisers of the United States, and every of them, and every person who shall act as such appraiser, * * * by all means in his or their power, to ascertain, estimate and appraise * * * the actual market value and wholesale price of the merchandise." Extract from Act June 10, 1890, c. 407, § 10, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922].

"The collector shall designate on the invoice at least one package of every invoice, and one package at least of every ten packages of merchandise, and a greater number should he or either of the appraisers deem it necessary, imported into such port, to be opened, examined and appraised, and shall order the package so designated to the public stores for examination." Extract from section 2901, Rev. St. [U. S. Comp. St. 1901, p. 1921].

"Sec. 2939. The collector of the port of New York shall not under any circumstances direct to be sent for examination and appraisement less than one package of every invoice, and one package at least of every ten packages of merchandise, and a greater number should he, or the appraiser, or any assistant appraiser, deem it necessary. When the Secretary of the Treasury, however, may be of the opinion that the examination of a less proportion of packages will amply protect the revenue, he may, by special regulation, direct a less number of packages to be examined." Rev. St. [U. S. Comp. St. 1901, p. 1938].

"Sec. 2614. The appraiser at New York, before he enters upon the duties of his office, shall take and subscribe an oath faithfully to direct and supervise the examination, inspection, and appraisement according to law, of such merchandise as the collector may direct pursuant to law, and to cause to be reported to the collector the true value thereof, as required by law. All other appraisers, and all resident merchants appointed according to law to act as appraisers, shall severally take and subscribe an oath diligently and faithfully to examine and inspect such merchandise as the collector may direct, and truly to report, to the best of their knowledge and belief, the true value thereof." Rev. St. [U. S. Comp. St. 1901, p. 1804].

Among the questions discussed by the board in construing these various provisions were: (1) Whether the requirement in said sections 2901 and 2939 that at least one package of every invoice and one package at least of every ten packages shall be sent by the collector of customs to the public stores to be examined and appraised was applicable to reappraisement proceedings before general appraisers under said section 13; (2) if so, whether the examination of these public-store cases would be sufficient to validate the reappraisement if there were other varieties of merchandise involved which the contents of those packages did not represent; (3) or whether there should be produced all the merchandise under reappraisement, or samples thereof. It appeared from the evidence that at the reappraisement proceedings only the public-store packages were present, and that the contents of those packages failed to represent many varieties of the merchandise whose value was in question. The majority of the board held that the examination of those packages satisfied every requirement of law, irrespective of the absence of a part of the merchandise and of samples thereof; that upon an appeal to a general appraiser from the action of the local appraiser, or from a general appraiser to a board of general appraisers, the reappraisement in question is presumably correct, and the onus of showing the contrary is upon the party appealing; and that in this case it was the duty of the importers to produce the merchandise or its samples, if they wished them to be inspected by the general appraisers. The third member of the board held that it is essential to the legality of reappraisements that general appraisers should have before them the merchandise in question or fair samples of it. The grounds of this view are stated by him as follows:

Somerville, General Appraiser. "How far an inspection and personal examination of imported goods under appraisement is necessary in order to give validity to the proceeding in the ascertainment of market value has been the subject of much litigation both before the courts and before this board. Prior to the organization of the Board of General Appraisers, which was effected by the Customs Administrative Act of June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], it was uniformly held that both local appraisers and merchant appraisers, under the system then existing, were required to make an inspection and examination of fair samples of the goods subject to appraisement, and that all appraisements made without such inspection and examination were invalid, and without legal effect. Converse v. Burgess, 18 How. 413, 15 L. Ed. 455; Oelberman v. Merritt, 123 U. S. 356, 8 Sup. Ct. 151, 31 L. Ed. 164, and cases cited. A

careful examination of these decisions will show that they were necessarily based upon the provisions of section 2614 of the United States Revised Statutes, which expressly required appraisers to take an oath to faithfully examine and inspect such merchandise. Said section reads as follows: 'Sec. 2614. The appraiser at New York, before he enters upon the duties of his office, shall take and subscribe an oath faithfully to direct and superview the examination, inspection, and appraisement according to law, of such merchandise as the collector may direct pursuant to law, and to cause to be duly reported to the collector the true value thereof, as required by law. All other appraisers, and all resident merchants appointed according to law to act as appraisers, shall severally take and subscribe an oath diligently and faithfully to examine and inspect such merchandise as the collector may direct, and truly to report, to the best of their knowledge and belief, the true value thereof.' [U. S. Comp. St. 1901, p. 1804.] But for some previous decisions of the board and of the courts, I would be disposed, after careful consideration of the subject, to hold that this statute applied only to the local appraisers at the port of New York and other ports, and to the former merchant appraisers, who were then required to be selected on the ground of their expert knowledge in reference to the particular goods the market value of which was under investigation. No such oath is required either by the customs administrative act or in actual practice to be taken by any of the general appraisers who hold their commissions under said act, and who either now are, or have heretofore been, members of the Board of United States General Appraisers. It was held, however, in United States v. Murphy, 136 Fed. 811, decided by the United States Circuit Court for the Southern District of New York, per Townsend, J., in December, 1898, that an appraisement of merchandise made by a single general appraiser under the provisions of section 13 of the customs administrative act was invalid if that officer did not have before him any of the goods, or samples of the same, at the time of appraisement, and that such an appraisement could be successfully challenged by protest. This decision affirmed, without opinion, a like ruling made by the board in an unpublished decision. A similar view seems to have been taken in United States v. Loeb (C. C.) 99 Fed. 723, and in the same case when before the Circuit Court of Appeals, 107 Fed. 692, 46 C. C. A. 562. In Renvy et al. v. United States (C. C.) 121 Fed. 441, it was held by Wheeler, J., that an importer is entitled to have no greater portion of an importation produced and examined on appeal before the Board of General Appraisers than is prescribed by section 2939 of the Revised Statutes [U. S. Comp. St. 1901, p. 1938], where no evidence is offered to show that the cases designated by the collector were not fair samples of the importation. While in these cases, which seem to be predicated upon the old decisions, there is a failure to observe the difference between the oath required by said section 2614 of the Revised Statutes [U. S. Comp. St. 1901, p. 1804] and that required of the general appraisers, I do not feel at liberty to depart from the rule which seems to be settled by them, namely, that an appraisement made by a general appraiser is not valid unless he has before him under examination fair representative samples of the goods subject to appraisement. While such officer may not be an expert, and cannot, in the nature of things, become one as to all kinds of merchandise, nevertheless his judgment is usually based upon the opinions of expert witnesses who are familiar with the market value of such goods in the country of exportation, and who must themselves examine the goods before they are competent to give any opinion as to their values. In the case of the appraisements which are the subject of the protests now under consideration, no objection seems to be taken to the regularity of the appraisements of the merchandise which were made by the local appraiser at the port of New York. In the absence of evidence to the contrary, the presumption is that he did make an examination of the goods or of representative samples, and that his decision as to the market value of the same is correct in the first instance."

In the Circuit Court evidence was taken in behalf of the importers, which showed that, while the goods under reappraisement had been sold, and had passed out of the possession of the importers without ever being opened, so that neither they nor samples therefrom could have been produced at the

reappraisement proceedings, yet the importers had in their possession samples from which the orders for the goods in question had been taken, and which they offered to prove were identical with such goods in every material particular; also that the Board of General Appraisers refused to receive such proof.

Albert Comstock, for importers.

Henry A. Wise, Asst. U. S. Atty.

PLATT, District Judge. The question presented by these protests is as to the validity of a reappraisement of several large importations of dolls. The facts, as set forth in the decision of the Board of General Appraisers, are that the dolls in question were of very many varieties, each variety differing from every other, and that a sample one was not in any way representative of any other; that the general appraiser who appraised these dolls on appeal from the local appraiser and the board of three general appraisers which appraised them on appeal from the decision of the general appraiser had before them only one case out of ten of each importation, the same being at least one case from every invoice, and that this by no means represented the numerous varieties of dolls making up the importations. They also find as a fact that, although the law requiring one case from every invoice and at least one case out of every ten cases covered by each entry to be examined was complied with, it was impossible to make a personal examination of the articles in the other cases which differed from those in the cases retained, and as the appeal only covers such articles as were not retained and examined there was no way of getting at the actual values of the portions of the invoices now at issue.

Two questions were presented before the board: First. Is a reappraisement of merchandise by a United States general appraiser or a board of three United States general appraisers invalidated when all of the merchandise or samples of every variety thereof under reappraisement is not present before and examined by the general appraiser or board of three general appraisers at the time the same is passed upon by him or them? In answering this question two members of the board say that it is not invalidated. The third member of the board says that it is. The reasoning of Judge Somerville, the third member, seems to be unanswerable, and I must therefore disagree with the majority of the board in their answer to the question, being clearly of the opinion that all of the proceedings upon appeal were invalid.

The second question which the board had before it was: If such a reappraisement is invalid, should duty be collected upon the value entered upon the invoice or upon the value fixed by the local appraiser? In other words, should the duty be collected upon the value fixed by the last valid appraisement or upon the value fixed by the importer in his entry? In the minds of the majority of the board an answer to this question was unnecessary. But the position taken by the minority member on the first question compelled him to answer this one, and so, in bringing his mind in accord with the majority on the merits, he was forced to decide that the value

fixed by the local appraiser should be the one to which they were relegated. The board, in stating the question in the alternative, seem to take it for granted that that was a valid appraisement. Whether valid or not, it was the original action from which and of which the importers complained, and undertook in every way known to the law to obtain redress. To send the importer back at this time to an enforced acceptance of the value against which he resorted to such remedies does not strike me as right. The importer was contending that the values placed upon certain portions of the invoice were wrong, and he is entitled to the conclusive presumption that he could have sustained his contention had the opportunity been given him. The customs administrative act provides means by which the government could have produced all the necessary samples. The importers implored the board to permit them to produce evidence which would have been equivalent to the presence of the actual samples, and were denied that right. In the circumstances it must be held that the general appraisers, by acting as they have in this case, conceded that the presence of samples or equivalent testimony would have established the contentions of the importers as to the values of their goods. The present contention of the importers is, to some degree, at least, supported in the case of Erhardt v. Schroeder, 155 U. S. 124, 15 Sup. Ct. 45, 39 L. Ed. 94, and in U. S. v. Phillips (D. C.) 46 Fed. 466. The collector ought to accept the invoice and entry values upon the goods which did not come into the hands of either of the boards acting in reappraisement whose decisions are found invalid, against which entry values there is no suggestion of any attempt to distort or conceal facts.

The decision of the Board of General Appraisers is reversed.